UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JPMORGAN CHASE BANK, N.A.,    )
Successor in Interest by Purchase from the   )
Federal Deposit Insurance Corporation, As   )
Receiver for Washington Mutual Bank,   )
f/k/a Washington Mutual Bank, F.A.,   )
           )   Civil Action No. 12-11922-JCB
      Plaintiff,   )
           )
   v.    )
           )
GREGG P. HEALEY and BRIDGETTE   )
G. HEALEY,   )
           )
      Defendants.   )
_____)

**MEMORANDUM AND ORDER**

April 2, 2014

Boal, M.J.

      This is an action to determine the eligibility of Gregg P. Healey and Bridgette G. Healey (together "the Healeys") for relief under the federal Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501 et seq.  See Compl. ¶ 2.[1]  For the following reasons, this Court finds that the Healeys are not entitled to such relief and enters judgment in favor of Plaintiff J.P. Morgan Chase Bank, N.A. ("J.P. Morgan").

I.    FACTUAL AND PROCEDURAL BACKGROUND

      On September 17, 2003, the Healeys granted a mortgage to Washington Mutual Bank, F.A. for their property located at 365 Harmes Way, Eastham, Massachusetts.  Compl. ¶ 1; Docket No. 14, Ex. A.  On or about September 25, 2008, Washington Mutual failed and J.P. Morgan purchased its loan assets.  Docket No. 14 at ¶ 2, Ex. B.

---

[1] "Compl. _" refers to the complaint of Plaintiff J.P. Morgan Chase Bank, N.A.  Docket No. 1-1.

On September 4, 2012, J.P. Morgan filed a complaint, and a mortgagee affidavit, with the Massachusetts Land Court seeking a declaration on the Healeys' eligibility under the SCRA. Docket No. 1-1 at 1, 3.  In that complaint, J.P. Morgan contends that the Healeys are not "servicemembers" as defined in the SCRA.  Compl. ¶ 2.  On October 16, 2012, the Healeys removed the action to this Court.  Docket No. 1.  On November 15, 2012, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes.  Docket Nos. 7-8.  At a December 12, 2012 status conference, the Healeys' counsel agreed to accept service of the complaint and was thereafter ordered to answer or otherwise respond by January 31, 2013. Docket No. 11.  The Healeys then filed a motion to transfer venue, Docket No. 18, which this Court subsequently denied.  Docket No. 23.  This Court further ordered the Healeys to show cause why the Court should not strike their appearance due to a lack of standing and enter an order of judgment in favor of J.P. Morgan.  Id.  Both the Healeys and J.P. Morgan filed responses, Docket Nos. 24, 25, and this matter is now ripe for resolution.

II.    ANALYSIS

The SCRA provides foreclosure protections to servicemembers.  HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 194 (2013).  Specifically, the SCRA provides that a "sale, foreclosure, or seizure of property for a breach of an obligation" conducted while the party is in the military or during a designated period thereafter "shall not be valid . . . except . . . (1) upon a court order granted before such sale, foreclosure, or seizure; or (2) if made pursuant to an agreement [between the parties]."  50 U.S.C. app. § 533(c).  An action seeking such a determination is not a foreclosure proceeding, and "occurs independently of the actual foreclosure itself and of any judicial proceedings determinative of the general validity of the foreclosure."  Beaton v. Land Court, 367 Mass. 385, 390 (1975).  It is a procedure to "make certain that there will be no cloud

on the title following the foreclosure." Id.  In other words, such proceedings are limited to the determination of a very limited issue: whether the defendant is entitled to the benefits of the SCRA.  See Suntrust Mortgage, Inc. v. Forsberg, No. 11 Misc. 449295, 2013 WL 5783020, at *1 n. 2 (Mass. Land Ct. Oct. 28, 2013).

The Massachusetts Soldiers' and Sailors' Civil Relief Act ("Massachusetts Act") provides a procedural framework to determine whether mortgagors are entitled to protections under the SCRA.[2]  Matt, 464 Mass. at 194.  The Massachusetts Act permits a mortgagee seeking to comply with the SCRA to bring an action in equity to obtain an appropriate court order ("servicemember proceeding").  Id. at 195 (citations omitted).  The Massachusetts Act, however, contains a jurisdictional limitation that precludes the appearance or participation of any person "who is not entitled to the benefit of the [SCRA] . . . except on behalf of a person so entitled." Id. at 196 (citing St. 1943, c. 57 § 1, as amended through St. 1990, c. 496 § 1).  "To allow challenges by nonservicemembers, even to threshold issues such as standing, would contravene the clear statutory language and the legislative intent to create a uniquely narrow procedure."  Id. at 199.  Accordingly, a party who does not assert entitlement to SCRA protections lacks standing to appear and be heard in a servicemember proceeding.  Id.

---

[2]  The Healeys appear to argue that the standing requirements of the Massachusetts Act do not apply here because J.P. Morgan filed suit under the federal SCRA.  Docket No. 24. Because the federal SCRA does not establish a mechanism for a lender to determine whether the borrower is a servicemember, the Massachusetts Act "filled that gap by authorizing courts of equity to so determine, upon a petition filed for that purpose."  Commonwealth v. Bank of America, No. 11-4363-BLS1, 2012 WL 6062747, at *8 (Mass. Super. Dec. 3, 2012)  Therefore, a "servicemember proceeding is a proceeding in equity brought as a result of the federal SCRA and subject to the procedural and subject matter limitations contained in the Massachusetts Act." Matt, 464 Mass. at 201.  Accordingly, the Massachusetts Act's standing requirements apply in this case.

Notwithstanding a nonservicemember's lack of standing, a plaintiff must establish its own standing in order for a court to decide the merits of the SCRA action.  Id.  A plaintiff's standing must be established irrespective of whether it is challenged by an opposing party.  Id.

Here, the Healeys have never asserted that they are servicemembers.  They have never answered the complaint and the time to do so has expired.  Indeed, they have conceded that they are not entitled to SCRA protections.  See Docket No. 19 at 2 n. 1.  Therefore, the Healeys lack standing to appear in this action.  Moreover, J.P. Morgan has established its standing to bring this action.  For example, it attached to the complaint the requisite affidavit describing its acquisition of the subject mortgage.  Docket No. 1-1 at 3.

III.   ORDER

For the foregoing reasons, the Court strikes the Healeys' appearance in this case and will enter an order of judgment in favor of J.P. Morgan.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE